Samuel M. Gold, J.
This is an application by the holder of one half of the common stock for dissolution of the corporation on the ground that the votes of the stockholders are so divided that they cannot elect a board of directors. The court may entertain a petition for dissolution on that ground (General Corporation Law, § 103) and direct a hearing as to the merits *123 of the application before itself or a Referee, on notice to all persons interested in the corporation (General Corporation Law, § 106).
Petitioner has established to the satisfaction of the court that she, in her representative capacity, is the owner of one half of the outstanding common stock and that efforts to elect a board of directors have proved futile. Respondents contend, however, that the petition should be dismissed because the corporation is solvent and is being operated at a profit. Respondents cite Matter of Radom & Neidorff, Inc. (307 N. Y. 1) where the dismissal of a petition for dissolution was upheld by the Court of Appeals on the ground that the allegations of the petition established that dissolution would not be beneficial to the stockholders because the corporation’s business was flourishing. In that case, however, the corporation was being legally operated by the petitioner without objection on the part of the respondent except for the latter’s refusal to countersign salary checks of the petitioner. The court held that petitioner possessed adequate remedies for obtaining compensation for his services and that dissolution was not beneficial to the stockholders merely because of respondent’s failure to sign the petitioner’s salary checks. In the instant case, however, the petition establishes, prima facie, at least, that since the death of petitioner’s husband, legal operation of the corporation has become impossible and that its operation at this time is illegal.
The certificate of incorporation, as amended in 1949, requires the presence of all the four directors to constitute a quorum and requires the unanimous vote of all directors for the transaction of any business by the directors. The presence of all the stockholders is likewise necessary to make up a quorum, and a unanimous vote of all stockholders is required for the transaction of business by the stockholders. These provisions are authorized by section 9 of the Stock Corporation Law. In addition, the corporate by-laws prohibit the president from appointing, employing or removing any agent or employee without the concurrence of the vice-president and secretary and without the prior approval of the board of directors. They also prohibit the president from making any contracts in the name of the corporation without the prior approval of the board of directors and from taking any corporate action or transacting any corporate business without the prior consent of the vice-president and the secretary. All notes and bills payable, checks, drafts, warrants and other negotiable instruments and contracts require the signature of the secretary or treasurer and the countersignature of the president or vice-president. All *124 other corporate documents require the signatures of three officers.
Since the death of the petitioner’s intestate who was a director as well as vice-president and secretary, operation of the corporation in conformity with its charter and by-laws appears to have become impossible. In such circumstances, a finding that dissolution would be beneficial to the stockholders may be justified, if not required. In no case which has been called to the court’s attention, where dissolution has been denied, has it appeared that further transaction of business by the officers and directors was illegal under the charter and by-laws of the corporation.
It should also be pointed out that in Matter of Radom & Neidorff (supra) it was admitted by the petitioner that the corporate business was flourishing. In the instant ease, this is claimed to be the fact in the opposing papers, but is not conceded by the petitioner. The latter alleges that the books of account are improperly kept. A hearing may conceivably result in a finding that the further operation of the business, if it were legal, would not be beneficial to the stockholders. There is nothing in the papers before the court to indicate that dissolution would be injurious to the public. The motion is granted and a hearing directed pursuant to section 106 of the General Corporation Law.